APPEAL,JFA

# U.S. District Court
## District of Wyoming (Casper)
## CRIMINAL DOCKET FOR CASE #: 1:18−cr−00167−ABJ−1
### *Internal Use Only*

Case title: USA v. Koch

Magistrate judge case number:  1:18−mj−00086−ABJ

Date Filed: 11/15/2018
Date Terminated: 04/22/2019

Assigned to: Honorable Alan B Johnson

Appeals court case number: 19−8034

## Defendant (1)

| | |
|---|---|
| **Daniel Aaron Koch**<br>*TERMINATED: 04/22/2019* | represented by **Dean Sanderford**<br>FEDERAL PUBLIC DEFENDER'S OFFICE<br>633 17th Street, Suite 1000<br>Denver, CO 80202<br>303/294−7002<br>Email: dean_sanderford@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Federal Public Defender*<br><br>**Tracy Racicot Hucke**<br>FEDERAL PUBLIC DEFENDER'S OFFICE<br>214 West Lincolnway, Suite 31−A<br>Cheyenne, WY 82001<br>307/772−2781<br>Email: tracy_hucke@fd.org<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Federal Public Defender* |

| Pending Counts | Disposition |
|---|---|
| 18 U.S.C. §§ 2252A(a)(5) and (b)(2) (Possession of Child Pornography)<br>(1) | Count 1 dismissed by oral motion of the government |
| 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1)(Attempted Receipt of Child Pornography) | Defendant sentence to 240 months imprisonment; 10 years supervised release; $100 special assessment; $14,000 restitution |

1

(2)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| Ct: 1 18 U.S.C. §§ 2252A(a)(5)and (b)(2) (Possession of Child Pornography) and Ct: 2 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1)(Attempted Receipt of Child Pornography) | |

**Plaintiff**

| **USA** | represented by | **Stephanie Hambrick** |
| --- | --- | --- |

represented by **Stephanie Hambrick**
US ATTORNEYS OFFICE
100 East B Street, Suite 2211
Casper, WY 82601
307/261−5434
Fax: 307/261−5471
Email: stephanie.hambrick@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: United States Attorney*

**Timothy J Forwood**
UNITED STATES ATTORNEY
2120 Capitol Avenue, Room 4002
PO Box 668
Cheyenne, WY 82003
307/772−2124
Fax: 307/772−2123
Email: timothy.forwood@usdoj.gov
*ATTORNEY TO BE NOTICED*
*Designation: United States Attorney*

| Date Filed | # | Page | Docket Text |
| --- | --- | --- | --- |
| 10/12/2018 | 1 | | |

| | | |
|---|---|---|
| | | COMPLAINT as to Daniel Aaron Koch (1). (Court Staff, skb) [1:18−mj−00086−ABJ] (Entered: 10/12/2018) |
| 10/12/2018 | 2 | Warrant Issued as to Daniel Aaron Koch. (Court Staff, skb) [1:18−mj−00086−ABJ] (Entered: 10/12/2018) |
| 10/12/2018 | 3 | MOTION for Detention Hearing by USA as to Defendant(s) Daniel Aaron Koch. (Court Staff, skb) [1:18−mj−00086−ABJ] (Entered: 10/12/2018) |
| 10/12/2018 | 4 | Warrant Returned Executed on 10−12−18 in case as to Daniel Aaron Koch. (Court Staff, skb) [1:18−mj−00086−ABJ] (Entered: 10/12/2018) |
| 10/12/2018 | 5 | NOTICE OF HEARING as to Daniel Aaron Koch, **Initial Appearance set for 10/15/2018 at 02:00 PM in Casper Courtroom No. 1 (Room No. 106) before Honorable R Michael Shickich.** (Court Staff, skb) [1:18−mj−00086−ABJ] (Entered: 10/12/2018) |
| 10/15/2018 | 6 | NOTICE OF HEARING as to Daniel Aaron Koch, **Initial Appearance RESET for 10/16/2018 at 02:00 PM in Casper Courtroom No. 1 (Room No. 106) before Honorable R Michael Shickich.** (Court Staff, skb) [1:18−mj−00086−ABJ] (Entered: 10/15/2018) |
| 10/16/2018 | 7 | Minute Entry: Initial Appearance as to Daniel Aaron Koch held on 10/16/2018. ***Location start/Procedural Interval start as to Daniel Aaron Koch. Proceedings held before Honorable R Michael Shickich. (Court Reporter FTR.) (Court Staff, skb) [1:18−mj−00086−ABJ] (Entered: 10/16/2018) |
| 10/16/2018 | 8 | NON−PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access − CJA 23 Financial Affidavit by Daniel Aaron Koch. (Court Staff, skb) [1:18−mj−00086−ABJ] (Entered: 10/16/2018) |
| 10/16/2018 | 9 | ORDER OF TEMPORARY DETENTION PENDING HEARING PURSUANT TO BAIL REFORM ACT as to Daniel Aaron Koch by the Honorable R Michael Shickich. (Court Staff, skb) [1:18−mj−00086−ABJ] (Entered: 10/16/2018) |
| 10/16/2018 | 10 | NOTICE OF HEARING as to Daniel Aaron Koch, **Detention/Preliminary Examination set for 10/19/2018 at 01:00 PM in Casper Courtroom No. 1 (Room No. 106) before Honorable R Michael Shickich.** (Court Staff, skb) [1:18−mj−00086−ABJ] (Entered: 10/16/2018) |
| 10/17/2018 | 11 | NOTICE OF HEARING as to Daniel Aaron Koch, **Preliminary/Detention Hearing RESET for 10/19/2018 at 09:30 AM in Cheyenne Courtroom No. 2 (Room No. 2116) before Honorable Scott W Skavdahl.** (Court Staff, skb) [1:18−mj−00086−ABJ] (Entered: 10/17/2018) |
| 10/18/2018 | 12 | NOTICE OF ATTORNEY APPEARANCE: Tracy Racicot Hucke appearing for defendant Daniel Aaron Koch (Hucke, Tracy) [1:18−mj−00086−ABJ] (Entered: 10/18/2018) |
| 10/18/2018 | 13 | NOTICE RESETTING HEARING as to Daniel Aaron Koch, **Preliminary/Detention Hearing reset from 10/19/2018 09:30 AM in Cheyenne Courtroom No. 2 before Honorable Scott W. Skavdahl to 10/19/2018 09:00 AM in Cheyenne Courtroom No. 3 (Room No. 2104) before Honorable Kelly H. Rankin.** (Court Staff, szf) [1:18−mj−00086−ABJ] (Entered: 10/18/2018) |

| 10/18/2018 | 14 | | SEALED DOCUMENT – PRETRIAL SERVICES BOND REPORT as to Daniel Aaron Koch. Access granted to: Stephanie Hambrick, Tracy Racicot Hucke. (ssandoval, ) [1:18–mj–00086–ABJ] (Entered: 10/18/2018) |
| 10/19/2018 | 15 | | Minute Entry: Preliminary/Detention Hearing as to Daniel Aaron Koch held on 10/19/2018. Defendant waived Preliminary Hearing, detained. Proceedings held before Honorable Kelly H. Rankin. (Tape #FTR Touch Courtroom No. 3.) (Court Staff, szf) [1:18–mj–00086–ABJ] (Entered: 10/19/2018) |
| 10/19/2018 | 16 | | WAIVER of Preliminary Examination or Hearing by defendant Daniel Aaron Koch (Court Staff, szf) [1:18–mj–00086–ABJ] (Entered: 10/19/2018) |
| 10/19/2018 | 17 | | ORDER OF DETENTION as to Daniel Aaron Koch by the Honorable Kelly H. Rankin.(Court Staff, szf) [1:18–mj–00086–ABJ] (Entered: 10/19/2018) |
| 10/19/2018 | 18 | | Warrant Returned Executed on October 16, 2018 in case as to Daniel Aaron Koch. (Court Staff, szf) [1:18–mj–00086–ABJ] (Entered: 10/19/2018) |
| 11/15/2018 | 19 | | INDICTMENT as to Daniel Aaron Koch (1) count(s) 1, 2. (Court Staff, stbd) (Entered: 11/15/2018) |
| 11/15/2018 | 20 | | Praecipe for Warrant by Plaintiff USA as to Defendant(s) Daniel Aaron Koch. (Court Staff, stbd) (Entered: 11/15/2018) |
| 11/15/2018 | 21 | | Warrant Issued as to Daniel Aaron Koch. (Court Staff, stbd) (Entered: 11/15/2018) |
| 11/16/2018 | 22 | | NOTICE OF HEARING as to Daniel Aaron Koch, **Initial Appearance/Arraignment set for 11/19/2018 09:00 AM in Cheyenne Courtroom No. 3 (Room No. 2104) before Honorable Kelly H. Rankin.** (Court Staff, szf) (Entered: 11/16/2018) |
| 11/19/2018 | 23 | | Minute Entry: Initial Appearance/Arraignment as to Daniel Aaron Koch (1) Count 1,2 held on 11/19/2018. Defendant pled not guilty, detained. Speedy trial is calculated as January 10, 2019. Proceedings held before Honorable Kelly H. Rankin. (Court Reporter Jan Davis.) (Court Staff, szf) (Entered: 11/19/2018) |
| 11/19/2018 | 24 | | NOTICE OF HEARING as to Daniel Aaron Koch, **Jury Trial set for 1/7/2019 01:30 PM in Cheyenne Courtroom No. 2 (Room No. 2116) before Honorable Alan B. Johnson.** (Court Staff, szf) (Entered: 11/19/2018) |
| 11/19/2018 | 25 | | ORDER for Discovery as to Daniel Aaron Koch. Plea Agreement shall be filed with the Court no later than seven (7) days prior to trial by the Honorable Kelly H. Rankin.(Court Staff, szf) (Entered: 11/19/2018) |
| 11/19/2018 | 26 | | ORDER for Grand Jury Transcripts as to Daniel Aaron Koch by the Honorable Kelly H. Rankin.(Court Staff, szf) (Entered: 11/19/2018) |
| 11/19/2018 | 27 | | Warrant Returned Executed on 11/19/2018 in case as to Daniel Aaron Koch (Court Staff, sbh) (Entered: 11/19/2018) |
| 11/26/2018 | 28 | | NOTICE OF INTENT TO OFFER EXPERT TESTIMONY by USA as to defendant Daniel Aaron Koch. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Hambrick, Stephanie) (Entered: 11/26/2018) |
| 12/21/2018 | 29 | | NOTICE OF HEARING as to Daniel Aaron Koch **Change of Plea Hearing set for 12/28/2018 at 9:30 AM in Cheyenne Courtroom No. 2 (Room No.** |

| | | | |
|---|---|---|---|
| | | | 2116) before **Honorable Alan B Johnson** (Court Staff, sbh) (Entered: 12/21/2018) |
| 12/26/2018 | 30 | | NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access –NOTICE *OF GOVERNMENT'S INTENTION TO OFFER EVIDENCE PURSUANT TO RULE 414, Federal Rule of Evidence* by USA as to defendant Daniel Aaron Koch (Attachments: # 1 Exhibit A)(Hambrick, Stephanie)Text/Security Modified on 12/26/2018 (Court Staff, ssw). (Entered: 12/26/2018) |
| 12/27/2018 | 31 | | Joint MOTION for Ends of Justice Continuance and to Exclude Time from Speedy Trial Act Time Limits by Defendant Daniel Aaron Koch. (Attachments: # 1 Proposed Order)(Hucke, Tracy) Text Modified on 12/28/2018 (Court Staff, ssw). (Entered: 12/27/2018) |
| 12/28/2018 | 32 | | Minute Entry: Change of Plea hearing converted to Motion Hearing as to Daniel Aaron Koch held on 12/28/2018 re 31 Joint MOTION to Continue Ends of Justice Continuance and to Exclude Time from Speedy Trial Act Time Limits. Written Order to enter. Proceedings held before Honorable Alan B Johnson. (Court Reporter Jan Davis.) (Court Staff, ssw) (Entered: 12/28/2018) |
| 12/28/2018 | 33 | | ORDER granting 31 Motion for Ends of Justice Continuance and to Exclude Time from Speedy Trial Act Time Limits as to Daniel Aaron Koch (1) by the Honorable Alan B Johnson. Government's Expert Witness Designation Deadline is 1/15/19; Defense Expert Witness Designation Deadline is 2/1/19; Dispositive Motions Deadline 2/1/19; Response to Dispositive Motions 2/8/19; Joint Status Report due by 1/28/19; Plea Agreement deadline 2/1/19; Jury Trial continued to 3/4/19 at 1:30 pm. It is ordered that this time is excluded from the Speedy Trial Act calculation. (Court Staff, ssw) (Entered: 12/28/2018) |
| 12/28/2018 | | | Set Deadlines as to Daniel Aaron Koch: Plea Agreement due by 2/1/2019. Joint Status Report due by 1/28/2019. (Court Staff, ssw) (Entered: 12/28/2018) |
| 12/28/2018 | 34 | | NOTICE RESETTING HEARING as to Daniel Aaron Koch: **Jury Trial reset for 3/4/2019 at 1:30 PM in Cheyenne Courtroom No. 2 (Room No. 2116) before Honorable Alan B Johnson.** (Court Staff, ssw) (Entered: 12/28/2018) |
| 01/28/2019 | 35 | | STATUS REPORT by USA as to defendant Daniel Aaron Koch (Hambrick, Stephanie) (Entered: 01/28/2019) |
| 02/01/2019 | 36 | | MOTION to Continue Plea Agreement Deadline by Defendant(s) Daniel Aaron Koch. (Attachments: # 1 Proposed Order)(Hucke, Tracy) (Entered: 02/01/2019) |
| 02/04/2019 | 37 | | ORDER granting 36 Motion to Continue Plea Agreement Deadline as to Daniel Aaron Koch (1) by the Honorable Alan B. Johnson. Plea Agreement deadline extended to 2/8/19. (Court Staff, sbh) (Entered: 02/04/2019) |
| 02/07/2019 | 38 | | EX PARTE/NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – PLEA AGREEMENT as to Daniel Aaron Koch (Court Staff, sbh) (Entered: 02/07/2019) |
| 02/08/2019 | 39 | | NOTICE OF HEARING as to Daniel Aaron Koch: **Change of Plea Hearing set for 2/14/2019 at 11:00 AM in Cheyenne Courtroom No. 2 (Room No. 2116) before Honorable Alan B. Johnson** (Court Staff, sbh) (Entered: 02/08/2019) |

| | | | |
|---|---|---|---|
| 02/13/2019 | 40 | | EX–PARTE/NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – PROSECUTOR'S STATEMENT filed by USA as to Plaintiff USA (Hambrick, Stephanie) Modified text on 2/22/2019 (Court Staff, sbh). (Entered: 02/13/2019) |
| 02/14/2019 | 41 | | Minute Entry: Change of Plea Hearing as to Daniel Aaron Koch. Guilty plea entered as to Count 2. Proceedings held before Honorable Alan B. Johnson. (Court Reporter: Monique Gentry) (Court Staff, sbh) (Entered: 02/14/2019) |
| 02/14/2019 | 42 | | NOTICE OF HEARING as to Daniel Aaron Koch **Sentencing set for 4/25/2019 at 9:30 AM in Cheyenne Courtroom No. 2 (Room No. 2116) before Honorable Alan B. Johnson** (Jury trial vacated) (Court Staff, sbh) (Entered: 02/14/2019) |
| 03/15/2019 | 43 | | NOTICE RESETTING HEARING as to Daniel Aaron Koch: **Sentencing reset for 4/22/2019 at 9:30 AM in Cheyenne Courtroom No. 2 (Room No. 2116) before Honorable Alan B. Johnson** (Court Staff, sbh) (Entered: 03/15/2019) |
| 03/21/2019 | 44 | | SEALED DOCUMENT – PRESENTENCE REPORT as to Daniel Aaron Koch. Access granted to: Stephanie Hambrick, Tracy Racicot Hucke. Last day to file response to PSR is 4/8/2019. (scanada, ) (Entered: 03/21/2019) |
| 03/21/2019 | 45 | | SEALED DOCUMENT – PRESENTENCE REPORT RECOMMENDATIONS as to Daniel Aaron Koch Access granted to: No Outside Users. (scanada, ) (Entered: 03/21/2019) |
| 04/04/2019 | 46 | | EX–PARTE DOCUMENT – OBJECTIONS/RESPONSES TO PRESENTENCE INVESTIGATION REPORT as to defendant Daniel Aaron Koch. NO OBJECTIONS SUBMITTED. (Hambrick, Stephanie) (Entered: 04/04/2019) |
| 04/08/2019 | 47 | | EX–PARTE DOCUMENT – OBJECTIONS/RESPONSES TO PRESENTENCE INVESTIGATION REPORT as to defendant Daniel Aaron Koch. (Hucke, Tracy) (Entered: 04/08/2019) |
| 04/09/2019 | 48 | | NOTICE OF ATTORNEY APPEARANCE: TJ Forwood appearing for USA (Forwood, Timothy) (Entered: 04/09/2019) |
| 04/09/2019 | 49 | | SEALED DOCUMENT – ADDENDUM TO PRESENTENCE REPORT as to Daniel Aaron Koch Access granted to: Stephanie Hambrick, Tracy Racicot Hucke. (scanada, ) (Entered: 04/09/2019) |
| 04/09/2019 | 50 | | SEALED DOCUMENT – REVISED PRESENTENCE REPORT as to Daniel Aaron Koch Access granted to: Timothy J Forwood, Stephanie Hambrick, Tracy Racicot Hucke. (scanada, ) (Entered: 04/09/2019) |
| 04/21/2019 | 51 | | EX PARTE/NON–PUBLIC DOCUMENT pursuant to the Judicial Conference Policy on Privacy and Public Access – SENTENCING MEMORANDUM as to defendant Daniel Aaron Koch (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Hucke, Tracy) (Entered: 04/21/2019) |
| 04/22/2019 | 52 | | Minute Entry: Sentencing held on 4/22/2019 for Daniel Aaron Koch (1), Count 1 dismissed by oral motion of the government; Count(s) 2, Defendant sentence to 240 months imprisonment; 10 years supervised release; $100 special assessment; $14,000 restitution. Proceedings held before Honorable Alan B Johnson. (Court Reporter Monique Gentry.) (Court Staff, ssw) Text Modified |

| | | | |
|---|---|---|---|
| | | | on 4/22/2019 (Court Staff, ssw). (Entered: 04/22/2019) |
| 04/23/2019 | 53 | | JUDGMENT and COMMITMENT as to Daniel Aaron Koch (1), Count 1 dismissed by oral motion of the government; Count 2, Defendant sentence to 240 months imprisonment; 10 years supervised release; $100 special assessment; $14,000 restitution by the Honorable Alan B Johnson.(Court Staff, ssw) Text Modified on 4/23/2019 (Court Staff, ssw). (Entered: 04/23/2019) |
| 05/03/2019 | 54 | | NOTICE OF APPEAL by defendant Daniel Aaron Koch re 53 Judgment, ; (Hucke, Tracy) (Entered: 05/03/2019) |
| 05/06/2019 | 55 | | Preliminary Record of appeal sent to USCA and counsel as to Daniel Aaron Koch re 54 Notice of Appeal **The procedures and appeals packet may be obtained from our website at www.wyd.uscourts.gov** (Attachments: # 1 Preliminary Record on Appeal Including Notice of Appeal) (Court Staff, ssw) (Entered: 05/06/2019) |
| 05/06/2019 | 56 | | APPEAL NUMBER **19–8034** received from USCA as to Daniel Aaron Koch for 54 Notice of Appeal filed by Daniel Aaron Koch. Criminal case docketed. Preliminary record filed. DATE RECEIVED: 05/06/2019. Docketing statement due 05/20/2019 for Daniel Aaron Koch. Notice of appearance due on 05/20/2019 for Daniel Aaron Koch and United States of America. Appellant's designation of record due 05/20/2019 for Daniel Aaron Koch. Transcript order form due 05/20/2019 for Daniel Aaron Koch. Appointment motion due 05/20/2019 by Daniel Aaron Koch [19–8034] (Court Staff, ssw) (Entered: 05/06/2019) |
| 05/20/2019 | 57 | | DESIGNATION OF RECORD ON APPEAL by defendant Daniel Aaron Koch re 54 Notice of Appeal (Attachments: # 1 Docket Sheet) (Sanderford, Dean) (Entered: 05/20/2019) |
| 05/20/2019 | 58 | | TRANSCRIPT REQUEST (Transcripts Needed) by defendant Daniel Aaron Koch re 54 Notice of Appeal. (Sanderford, Dean) (Entered: 05/20/2019) |
| 05/20/2019 | 59 | | APPEAL MINUTE ORDER from USCA as to Daniel Aaron Koch re 54 Notice of Appeal. Transcript order form due 06/03/2019 for Monique Gentry (change of plea, sentencing). (Text Only – No Attachment) [19–8034] (Court Staff, ssw) (Entered: 05/20/2019) |
| 06/03/2019 | 60 | | TRANSCRIPT ORDER FORM by court reporter Monique Gentry, phone (307) 274–4661 or email mkg.gentry@gmail.com. Transcripts due 06/23/19. (Gentry, Monique) (Entered: 06/03/2019) |
| 06/24/2019 | 61 | 9 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Change of Plea as to Daniel Aaron Koch held on 02/14/2019 before Judge Alan B. Johnson re 54 Notice of Appeal. To purchase a copy of this transcript, please contact Court Reporter Monique Gentry, phone (307) 274–4661 or email mkg.gentry@gmail.com. A party must file a Notice of Intent to Request Redaction within 7 calendar days. If a party fails to request redaction, the unredacted transcript attached to this entry will be made available electronically without redaction. Notice of Intent to Redact due 7/1/2019. Notice of Redaction Request due 7/15/2019. Redacted Transcript Deadline set for 7/25/2019. Release of Transcript Restriction set for 9/23/2019. (Gentry, Monique) (Entered: 06/24/2019) |

| 06/24/2019 | 62 | 39 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Sentencing as to Daniel Aaron Koch held on 4/22/2019 before Judge Alan B. Johnson re 54 Notice of Appeal. To purchase a copy of this transcript, please contact Court Reporter Monique Gentry, phone (307) 274–4661 or email mkg.gentry@gmail.com. A party must file a Notice of Intent to Request Redaction within 7 calendar days. If a party fails to request redaction, the unredacted transcript attached to this entry will be made available electronically without redaction. Notice of Intent to Redact due 7/1/2019. Notice of Redaction Request due 7/15/2019. Redacted Transcript Deadline set for 7/25/2019. Release of Transcript Restriction set for 9/23/2019. (Gentry, Monique) (Entered: 06/24/2019) |
| --- | --- | --- | --- |
| 06/24/2019 | 63 | | Transcript Letter transmitted to USCA re 54 Notice of Appeal. All transcripts that have been ordered from this reporter for this appeal are now filed with the United States District Court, District of Wyoming. (Gentry, Monique) (Entered: 06/24/2019) |
| 06/24/2019 | 64 | | Appeal Remark re 54 Notice of Appeal. **Record on appeal/Notice due 7/15/2019** (Court Staff, ssw) (Entered: 06/24/2019) |

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 9 of 60
Case 1:18-cr-00167-ABJ Document 51 Filed 06/24/19 Page 9 of 30

1

1          IN THE UNITED STATES DISTRICT COURT

2          FOR THE DISTRICT OF WYOMING

3   UNITED STATES OF AMERICA,            DOCKET NO. 18-CR-167-J

4           Plaintiff,                   Cheyenne, Wyoming
                                         February 14, 2019
5           vs.                          11:12 a.m.

6   DANIEL AARON KOCH,

7           Defendant.

8          TRANSCRIPT OF CHANGE OF PLEA PROCEEDINGS

9          BEFORE THE HONORABLE ALAN B. JOHNSON
              UNITED STATES DISTRICT JUDGE

10

APPEARANCES:

11

12   For the Plaintiff:        Stephanie A. Hambrick
                               Assistant United States Attorney
                               District of Wyoming
13                             P.O. Box 22211
                               Casper, Wyoming 82602

14

15   For the Defendant:        TRACY RACICOT HUCKE
                               Federal Public Defender's Office
16                             214 West Lincolnway, Suite 31-A
                               Cheyenne, Wyoming 82001

17

18

19

20

21

22   Court Reporter:           Monique Gentry, RPR, CSR
                               2120 Capitol Avenue, Room 2226
23                             Cheyenne, WY 82001
                               (307)274-4661/mkg.gentry@gmail.com
24

     *Proceedings recorded by stenography; transcript produced with*
25   *computer-aided transcription.*

Case 1:19-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 10 of 60
Case 1:18-cr-00016-ABJ Document 63 Filed 06/24/19 Page 2 of 60

2

1      (Proceedings commenced February 14, 2019; 11:12 a.m.)

2           THE COURT:  Thank you.  Please, be seated.  The

3   matter for hearing today is a change of plea in the case of

4   the United States of America plaintiff against Daniel Aaron

5   Koch.  This matter comes before the Court under Criminal Case

6   No. 18-CR-00167.  Representing the Government today is United

7   States Attorney Stephanie Hambrick.  The defendant is

8   represented here by Tracy Racicot Hucke, Federal Public

9   Defender for the District of Wyoming.  The defendant is present

10  in person today.

11          Is the Government ready to proceed?

12          MS. HAMBRICK:  Yes, Your Honor.

13          THE COURT:  Ms. Hambrick, we will turn it over to

14  you.

15          MS. HAMBRICK:  Thank you, Your Honor.  We do come

16  before the Court today with a plea agreement in this case.

17  The agreement is that the defendant will be pleading guilty

18  to Count 2 of the indictment.  Count 2 alleges receipt and

19  attempted receipt of child pornography in violation of 18

20  United States Code subsections 2252A(a)(2)(A) and (b)(1).

21          The minimum punishment is not less than 15 years, and

22  the maximum punishment is not more than 40 years; a maximum

23  fine of $250,000; a five-year to life term of supervised

24  release; a $100 special assessment; a $5,000 special assessment

25  to the Victims of Sex Trafficking Act of 2015; and if

Case 1:19-cr-00167-ABJ   Document 65-3   Filed 07/12/19   Page 11 of 60
Case 1:18-cr-00016-ABJ   Document 63   Filed 06/24/19   Page 3 of 30

3

1   applicable, restitution.

2           The agreement in this case is pretty basic, Your

3   Honor.  He will be pleading to that count.  The Government has

4   agreed it will make a recommendation within the calculated

5   guideline range whatever that turns out to be, but is not

6   limited to where in that range a recommendation may be made.

7   And the defendant is free to ask for any sentence that is

8   appropriate, but, obviously, there is the 15-year mandatory

9   minimum sentence.

10          At the time of sentencing, if the Court accepts the

11  agreement and the plea, the Government will be moving to

12  dismiss Count 1, which is the possession of child pornography

13  count.

14          The other thing I wanted to make clear, Your Honor,

15  in this case, during the investigation of this case,

16  investigators uncovered what they thought were messages between

17  the defendant and an under age individual in Campbell County,

18  Wyoming.  They were actually able to identify that girl who

19  provided information to them about what she said was a sexual

20  relationship she had with the defendant when she was 16 years

21  old in 2016 and 2017.

22          Part of the information she provided was that he did

23  ask her for explicit images that may be considered child

24  pornography, and she did send them to him in 2016 and 2017.  We

25  had discussed with the prosecutor in Campbell County some kind

Case 1:19-cr-00167-ABJ Document 65-3 Filed 03/12/19 Page 12 of 60
Case 1:18-cr-00016-ABJ Document 53 Filed 06/24/19 Page 4 of 60

4

1   of agreement in our case that maybe would encompass that case,

2   and they would agree not to prosecute for that victim.  We did

3   not reach that kind of an agreement, Your Honor.  So what he

4   is pleading to here today is just these federal charges, and

5   they will not effect any potential charges the state may still

6   file for that relationship or any images regarding that victim

7   that were sent or received back in 2016 and 2017.

8           The receipt and attempted receipt in this case

9   occurred in September of 2018, and that was through

10  peer-to-peer software.  It was not from particular underaged

11  victim themselves, so I just want it to be clear on the record

12  the state will be free to pursue prosecution regarding that

13  victim if they choose to do so.

14          THE COURT:  Very well.  As I recall, we delayed

15  acting on this case -- continued this case pending those

16  discussions?

17          MS. HAMBRICK:  That's correct, Your Honor.  We had

18  multiple discussions and sent back and forth multiple versions

19  of a plea agreement, but ultimately we were not able to reach

20  one that resolved those state charges, as well.

21          THE COURT:  Very well.

22          Ms. Hucke, would you come forward with your client.

23          Mr. Koch, would you raise your right hand and be

24  sworn.

25

Case 1:19-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 13 of 60
Case 1:18-cr-00016-ABJ Document 63 Filed 06/24/19 Page 5 of 30

5

1    (Defendant was sworn.)

2         THE COURT:  Mr. Koch, you have just taken an oath to

3    speak truthfully to the court.  If you answer any of my

4    questions falsely, your answers could be used against you in a

5    further prosecution for perjury.  Do you understand?

6         THE DEFENDANT:  Yes, Your Honor.

7         THE COURT:  This is a critical stage of the

8    proceedings against you.  It is important that you understand

9    what is happening.  And if you don't understand my remarks or

10   for some reason what I say is obscure to you, you should feel

11   free to interrupt and ask questions.  You may step aside and

12   speak to her privately.  Is that agreeable?

13        THE DEFENDANT:  Yes, Your Honor.

14        THE COURT:  Very well.  There will come a time during

15   these proceedings when I will be asking questions that will

16   touch upon your answers in effect under oath will touch upon

17   the conduct in this matter, and ultimately, lead to a finding

18   as anticipated in this matter of guilt.  So you, in fact, will

19   implicate yourself and inculpate yourself in the crime charged.

20   Are you prepared to do that?

21        THE DEFENDANT:  Yes, Your Honor.

22        THE COURT:  Very well.  We'll proceed.

23        Please, state your full name.

24        THE DEFENDANT:  Daniel Aaron Koch.

25        THE COURT:  And your age, Mr. Koch?

Case 1:19-cr-00167-ABJ   Document 65-3   Filed 07/12/19   Page 14 of 60
Case 1:18-cr-00016-ABJ   Document 53   Filed 06/24/19   Page 6 of 30

6

1          THE DEFENDANT:  Forty-two.

2          THE COURT:  Tell me about your education.

3          THE DEFENDANT:  Highest grade completed was

4    associates degree through Ball State University.  I have had

5    some postgraduate work for -- towards by bachelor's with

6    Indiana Purdue University, Fort Wayne.  Graduated high school

7    in 1994 and have some vocational training through IV Tech.

8          THE COURT:  And tell me what kind of work you have

9    done in the past?

10          THE DEFENDANT:  I have been mostly employed as a cook

11    or short-order cook, line cook, trainer for various restaurants

12    in the Fort Wayne, Indiana area.  I have -- since moving to

13    Wyoming, I have been employed as a construction worker or

14    general labor.

15          THE COURT:  Any particular occupational interest that

16    you have that you would like to pursue?

17          THE DEFENDANT:  My main interest with the bachelor's

18    degree from Indiana was for computer science.

19          THE COURT:  All right.  Born in the United States?

20          THE DEFENDANT:  Yes, sir, here in Casper.

21          THE COURT:  So far as you know, are you presently

22    suffering from any physical or mental problem that would effect

23    your understanding of what is happening here today?

24          THE DEFENDANT:  No, Your Honor.

25          THE COURT:  Are you under the influence of any

MONIQUE GENTRY, RPR, CSR                    mkg.gentry@gmail.com

Case 1:19-cr-00167-ABJ Document 65-3 Filed 03/12/19 Page 15 of 60
Case 1:18-cr-00016-ABJ Document 63 Filed 06/24/19 Page 7 of 30

7

1 alcohol, pill or medication of any kind?

2       THE DEFENDANT:  Just the Lisinopril I took this

3 morning for heart -- blood pressure, but that shouldn't affect

4 my understanding.

5       THE COURT:  You do have a high blood pressure

6 problem?

7       THE DEFENDANT:  Yes, sir.

8       THE COURT:  Do you have any history of alcoholism or

9 drug addiction?

10       THE DEFENDANT:  No, Your Honor.

11       THE COURT:  Ms. Hucke, do you have any concerns about

12 the competency of your client to proceed in this matter?

13       MS. HUCKE:  No, Your Honor.

14       THE COURT:  Very well.

15       Have you received a copy of the indictment in your

16 case?

17       THE DEFENDANT:  Yes, Your Honor.

18       THE COURT:  And have you had ample opportunity to

19 discuss your case in general with Ms. Hucke?

20       THE DEFENDANT:  Yes, I have, Your Honor.

21       THE COURT:  And you are satisfied with her

22 representation of you so far?

23       THE DEFENDANT:  Yes, sir.

24       THE COURT:  I also have a copy of the plea agreement

25 that appears to have been signed on the back page of the plea

Case 1:19-cr-00167-ABJ  Document 65-3  Filed 07/12/19  Page 16 of 60
Case 1:18-cr-00016-ABJ  Document 53  Filed 06/24/19  Page 3 of 30

8

1   agreement.  Did you sign it?

2              THE DEFENDANT:  Yes, I did, Your Honor.

3              THE COURT:  Did you have ample opportunity to read

4   and discuss the plea agreement with your attorney before you

5   signed it?

6              THE DEFENDANT:  Yes, I did.

7              THE COURT:  So as far as you know, does the plea

8   agreement contain the complete understanding and the agreement

9   that you have with the Government?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  You understand the plea agreement?

12             THE DEFENDANT:  Yes, I do, Your Honor.

13             THE COURT:  Did anyone cause you to sign it by

14  threats, coercion or violence against you or those close?

15             THE DEFENDANT:  No, Your Honor.

16             THE COURT:  As I understand it, you have family who

17  live in Wyoming?

18             THE DEFENDANT:  I lot of family, Your Honor.

19             THE COURT:  Have any promises been made to you that

20  are not contained in the plea agreement?

21             THE DEFENDANT:  No, Your Honor.

22             THE COURT:  So this represents your understanding

23  with the Government?

24             THE DEFENDANT:  Yes, that is the sum total of my

25  understanding with the Government.

Case 1:18-cr-00167-ABJ Document 63 Filed 06/24/19 Page 9 of 60

1       THE COURT:  Very well.

2       The plea agreement is treated by the Court as a

3 recommendation that comes from both sides of the case.  As

4 such, it certainly has force and effect; however, I do note

5 looking at another document that is the prosecutor's statement

6 that was furnished to the court today, I am not sure you have

7 seen that.  I am sure Ms. Hucke has seen it, but it does

8 contain an estimate that was prepared by Ms. Hambrick anyway of

9 the guideline application that she believes may apply in your

10 case.

11       I would note that I see one further difference in it

12 from the guideline application that probably would be prepared

13 by the probation officer in this case.  She has noted a base

14 offense level of 22; that would be increased by two for the

15 fact that the images represented prepubescent minors; that

16 there was distribution, another two levels would be added;

17 because there were infants and toddlers for trade four levels

18 added; because there was a pattern of behavior that will be

19 continued, and because -- five levels are added -- six levels;

20 another five levels are added because there are 600 images

21 counting for each video a number of images.  I think 75 images

22 for each video, and an additional two levels for use of a

23 computer.  Typically, the judges of this district do not apply

24 those two levels, because in every one of these cases, there is

25 nothing unusual about a computer being used.  Computers are

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 18 of 60
Case 1:18-cr-00167-ABJ Document 61 Filed 06/24/19 Page 10 of 30

10

1    what is used in every one of these offenses that we see.  It is

2    rare that there is not a computer.  Many, many years ago, these

3    cases were investigated not by authorities who were trained in

4    computer use, but were investigated by the United States Postal

5    Inspector, which tells you when the start was.

6              Because you plan to accept responsibility, three

7    levels would be substracted leaving a total offense level of

8    39.  If you would subtract the use of a computer, it will be

9    37.  It is anticipated because of your criminal history, you

10   would fall in Criminal History Category II, which creates a

11   guideline range of 235 to 293 months.  Is that what you have

12   been told?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  That's a lengthy sentence.

15             Mr. Koch, the Court is not under any obligation to

16   apply any particular sentence with regard to your case.  And if

17   the sentence that I impose is greater than any that you think

18   you should receive in this matter or that you are likely to

19   receive, you would not be allowed to withdraw a voluntarily

20   plea of guilty simply because you don't like the sentence that

21   is imposed.  Do you understand that?

22             THE DEFENDANT:  I understand that, Your Honor.

23             THE COURT:  All right.  Has anyone attempted in any

24   way to force you to plead guilty by threats, coercion or

25   violence against you or those close?

Case 1:18-cr-00167-ABJ   Document 65-3   Filed 07/12/19   Page 19 of 60
Case 1:18-cr-00167-ABJ   Document 61   Filed 03/24/19   Page 11 of 30

11

1          THE DEFENDANT:  No, Your Honor.

2          THE COURT:  Other than the plea agreement in this

3 matter, have any promises of special leniency, favor or benefit

4 been made to you to induce you to plead guilty?

5          THE DEFENDANT:  No, Your Honor.

6          THE COURT:  Will you be pleading guilty because you

7 are, in fact, guilty?

8          THE DEFENDANT:  Yes, Your Honor.

9          THE COURT:  As I understand it, this is the second

10 felony offense.  You are yet a relatively young man.  And even

11 with the lengthy prison sentence that it seems to me is likely

12 in this case, there will come a time when you will be released

13 on supervised release by this -- pursuant to the sentence

14 imposed that would be supervision by a United States Probation

15 Officer.

16          You will be a convicted felon at that time.  And if

17 your plea is accepted, and you are adjudged guilty of the

18 offense charged here, that adjudication may deprive you of

19 valuable civil rights:  right to vote, right to seek and hold

20 public office, right to serve as a juror in judgment of your

21 fellow man or perform government service.  And most

22 importantly, the right to possess any kind of firearm,

23 ammunition or explosive device.  In Wyoming, firearms and

24 ammunition are problems for people.  And despite any advice I

25 give, we continually see people who are arrested for

Case 1:18-cr-00167-ABJ Document 651-3 Filed 07/12/19 Page 20 of 60
Case 1:18-cr-00167-ABJ Document 613 Filed 06/24/19 Page 12 of 30

12

1   possession.  It is quickest way back into federal prison.  I

2   can tell you those are easy cases to prove.  Do you understand?

3            THE DEFENDANT:  Yes, Your Honor.

4            THE COURT:  I made reference here to what is called

5   "supervised release," a period of supervision that would follow

6   any imprisonment that the court might impose.  And in your

7   case, that term of supervision could be up to life.  It will be

8   not less than five years no more than life of supervision, and

9   I think it is likely, it could be life.

10           The terms and conditions of that supervision which

11  could be modified from time to time will be initially said at

12  the time that you are sentenced, and they will involve such

13  things as mandatory conditions of not violating the laws of the

14  state locality where you may live or the federal laws; not

15  using drugs or alcohol; certainly not using alcohol to excess.

16  By law, those are things that Congress says the court needs to

17  impose.  There are a series of standard terms and conditions

18  that are adopted by this court and were created by the

19  sentencing authorities back in Washington D.C.

20           And, finally, there will be special conditions

21  imposed by the court which are really aimed at and tailored

22  hopefully in some measure to deal with your particular

23  situation.  Such a condition may include something like

24  sex offender treatment, participation in a sex offender group

25  or something of that nature.  Registration undoubtedly pursuant

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 21 of 60
Case 1:18-cr-00167-ABJ Document 61 Filed 06/24/19 Page 13 of 30

13

1    to state law wherever you may live, work or go to school.

2    Maintaining current registration compliance with the Sex

3    Offender Notification Act, SORNA, which requires you to

4    register it is a federal law that carries a criminal penalty

5    will be part of that, as well; like, there will be other

6    conditions concerning thinking errors that maybe have affected

7    your life.  I don't know.  I have suggested a few that

8    conceivably could apply.

9            In addition, you need to know that if there is a

10   violation -- if there are violations of your supervised

11   release, and if they are significant, the probation officer who

12   is really there not only to protect the public, but also to

13   offer you some help with regard to these programs -- that

14   probation officer can file a petition for an offender under

15   supervision asking for your arrest.  You would be brought back

16   to the court.  And after a hearing or hearings, the court would

17   have authority in some circumstances without benefit of a jury

18   trial to impose an additional prison sentence.  Do you

19   understand?

20           THE DEFENDANT:  Yes, Your Honor.

21           THE COURT:  Certainly, not something we want to do,

22   but we want people to succeed without further incidents in

23   their life.  I note that the maximum sentence in this case as

24   set forth in the penalty summary that was attached to the

25   indictment for Count 2, attempted receipt of child pornography,

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 22 of 60
Case 1:18-cr-00167-ABJ Document 61 Filed 06/24/19 Page 14 of 30

14

1   in violation of a Title 18 United States Code Section

2   2252A(a)(2)(a) subparagraph (b)(1), the maximum penalty is a

3   sentence not less than of 15 years, so there is a minimum

4   mandatory sentence of 15 years.  And a sentence of not more

5   than 40 years imprisonment, 40 years or 480 months.  There

6   would be a fine of up to $250,000.  I think it is highly

7   unlikely that given other requirements that you would have a

8   fine in this matter.  There is a $100 special assessment.  That

9   money is collected from you and goes into a fund of money

10  administered by the Government for victims of crime.  There is

11  also a recently enacted law by Congress which is mandatory.

12  There is a $5,000 special assessment pursuant to the Victims of

13  Sex Trafficking Act of 2015, and there is also -- and will be

14  an issue concerning restitution to the specific victims who are

15  represented in the images that were captured on your computer

16  and electronic devices.  Is that consistent with your

17  understanding, as well?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Do you have any question that you would

20  like to ask?

21          THE DEFENDANT:  None come to mind, your Honor.

22          THE COURT:  This would be a good time.  If there are

23  any questions about anything that I have said before that raise

24  issues in your mind?

25          THE DEFENDANT:  No.

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 23 of 60
Case 1:18-cr-00167-ABJ Document 61 Filed 06/24/19 Page 15 of 30

15

1          THE COURT:  Again, if you think of things as we go

2     forward, please, interrupt me, so we can go back and talk about

3     them.  I am sure that Ms. Hucke has advised you of these things

4     during your discussions with her?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  Have you also discussed with her how the

7     advisory sentencing guidelines might apply to your case?

8          THE DEFENDANT:  At length, Your Honor.

9          THE COURT:  Something totally different than anything

10    you would happen back in Indiana.

11         THE DEFENDANT:  It has been a much more different

12    experience today this go round.  Yeah.

13         THE COURT:  Yeah.  I want you to know that I am not

14    able at this point to determine the advisory guideline range in

15    your case; although, I suspect what I have told you so far is

16    within reason; however, it will be the first order of business

17    that we will engage in at the time that you appear before this

18    court for sentencing; that will be to determine the advisory

19    guideline range.  I will have the benefit of a presentence

20    investigation report that will be prepared in this case.

21         Present here today is Kris Danni, Senior United

22    States Probation Officer for the District of Wyoming, who will

23    be preparing that report and interviewing you and gathering

24    information about you from other sources; probably law

25    enforcement as well as criminal records and interviews with

Case 1:18-cr-00167-ABJ Document 653 Filed 07/12/19 Page 24 of 60
Case 1:18-cr-00167-ABJ Document 611 Filed 06/24/19 Page 16 of 30

16

1    family and others.

2              You will have the opportunity after that report is

3    furnished to you through Ms. Hucke, she will assist you with

4    any challenges to that report based upon the application of

5    law, which she is well aware of, and you will provide to her

6    any errors in that report that touch upon the facts that are

7    reported in that report to make sure it is accurate.

8              I can tell you that Ms. Danni will change the report

9    amend it, revise it, if necessary if she agrees to any

10   challenges.  On the other hand if she disagrees, she will

11   explain why in an addendum which will come to me, and we will

12   resolve those issues at your sentencing as a first order of

13   business.  Do you have any questions about that?

14             THE DEFENDANT:  No, Your Honor.

15             THE COURT:  Do you feel you understand?

16             THE DEFENDANT:  Yes.

17             THE COURT:  And I want to also advise you that after

18   the initial guideline range has been determined by the court,

19   the court does have authority in some circumstances to depart

20   either to a greater sentence or a lesser sentence from the

21   guideline range and will examine other sentencing factors under

22   the law.  Title 18 united States Code Section 3553(a) is that

23   sentencing law.  That may result in the imposition of a

24   sentence that is either greater or less than the guideline, and

25   the court may depart from the guideline and impose either a

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 25 of 60
Case 1:18-cr-00167-ABJ Document 65 Filed 06/24/19 Page 17 of 30

17

1    greater or lesser sentence.  Do you understand?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  Now, what little information I have about

4    your previous sentence in Indiana, it appears to me that you

5    were paroled after about seven years?

6              THE DEFENDANT:  A little less than that, Your Honor.

7              THE COURT:  A little less.  So you are familiar with

8    what exists in most states.  There is a parole board appointed

9    by the governor usually who may meet with a prisoner or receive

10   information about the prisoner from the prison authorities and

11   set a release date.

12             THE DEFENDANT:  Actually, Your Honor, Indiana uses

13   presumptive sentencing, and there was no parole board in my

14   case.

15             THE COURT:  Okay. There is no parole board in the

16   federal system either.  It was abolished as part of the

17   Sentencing Reform Act in 1984.  The sentence to prison in this

18   case will not result on any release on parole, rather the

19   Bureau of Prisons administers a good time system that can

20   result in a maximum of 54 days for each year you serve in

21   prison of good time.

22             The average good time at this point, I think, I saw

23   the other day is 41 days on average that is being awarded by

24   the Bureau of Prisons.  At any rate, all of that is out of my

25   hands.  It sits in the hands of the Bureau of Prisons.  Do you

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 26 of 60
Case 1:18-cr-00167-ABJ Document 61 Filed 06/24/19 Page 18 of 30

18

1    have any questions about departures and variances that may be

2    imposed?

3           THE DEFENDANT:  None, Your Honor.

4           THE COURT:  I did not see a waiver of appeal in this

5    matter in the plea agreement, so you have preserved your right

6    to appeal this sentence if you feel that the court has acted

7    contrary to the law and errors have occurred in your

8    sentencing.

9           I will remind you that you are sentenced that you

10    have 14 days within which to file a notice of appeal.  If you

11    decide to do that, the date begins to run from the date the

12    judgment and commitment in your case is filed with the clerk's

13    office.  Something you really in that 14-day-period need to

14    immediately start talking to your attorney to determine if it

15    would be worthwhile.  If for some reason she is not available

16    or can't talk to you about it or assist you, you can ask the

17    Clerk of Court's office to prepare a notice of appeal for you.

18    They will send it to you.  Just make sure you get it filed

19    within that 14-day-period.  That would start the appeal

20    process.  It is just that, a start, but it is an important

21    start because if you fail to file the notice of appeal, it is

22    likely that you could lose your appeal right.  There are other

23    dates that are calculated from that appeal time that could

24    effect other rights that you have concerning the sentence that

25    is imposed, so important.  Any questions?

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 27 of 60
Case 1:18-cr-00167-ABJ Document 61 Filed 06/24/19 Page 19 of 30

19

1        THE DEFENDANT:  No, Your Honor.

2        THE COURT:  So you understand so far?

3        THE DEFENDANT:  Yes, sir, I believe I do.

4        THE COURT:  All right.  I know that Ms. Hucke has

5    discussed with you your trial rights and you probably heard

6    them elsewhere as well; however, it is necessary that I go

7    through them again with you.

8        First, you have the right to plead not guilty to any

9    offense charged against you and to persist in your plea of not

10   guilty.  When I say "persist," that is to maintain it, continue

11   with it.

12       If that should occur, you would have the right to a

13   jury trial which is scheduled, I think, for March 5th?

14       THE DEFENDANT:  March 4th, Your Honor.

15       THE COURT:  Yeah.  All right.  That would be before

16   a jury of 12 adult residents of Wyoming who would be selected,

17   seated there in the jury box and would serve as judges of the

18   facts of your case.  At trial, you would be presumed innocent,

19   and I would tell the jury early on that you are presumed

20   innocent of any wrongdoing.  The Government would have the

21   burden of proving your guilt beyond a reasonable doubt.  It

22   would be the obligation of the Government, if it could, through

23   its witnesses and evidence to prove its case beyond a

24   reasonable doubt.  Throughout your trial, you would have the

25   right to be assisted by Ms. Hucke for your defense appointed by

1    the court if necessary.  She would be with you at trial and

2    every other stage of the proceedings.

3            You would have the right to see and hear the

4    witnesses and the evidence against you, and to have her cross

5    examine or question the witnesses who would appear against you

6    in your defense.

7            You would have the right on your own part not to

8    testify to decline to testify; that is, to testify under oath

9    from the witness stand in your defense; however, you have the

10   right to testify should you choose to do so voluntarily in your

11   own defense.

12           You would have the right to compel the attendance of

13   witnesses to testify in your defense.  Ms. Hucke would apply

14   for subpoenas to be issued by the court at public expense, and

15   I would usually grant those motions unless there was some very

16   good reason not to.  Subpoenas would be issued compelling

17   witnesses to come forward and provide any testimony that they

18   might have in your defense.

19           Any questions so far?

20           THE DEFENDANT:  No, Your Honor.  I give up that right

21   to a trial.

22           THE COURT:  Do you further understand that should you

23   decide not to testify or present any evidence, the fact of your

24   silence cannot be commented upon by the Government as part of

25   their arguments or trial, nor may the jury in any manner

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 29 of 60
Case 1:18-cr-00167-ABJ Document 61 Filed 06/24/19 Page 21 of 30

21

1    consider that in its deliberations.  Do you understand that?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  And do you further understand that by

4    entering a voluntary plea of guilty, if that plea is accepted

5    by the court, there will be no trial.  You will be deemed to

6    have waived or given up your right to a trial as well as those

7    other rights that have been discussed and are associated with

8    trial.

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  Very well.  I am going to proceed now

11   with the re-arraignment unless you have some objection.

12             THE DEFENDANT:  No objection, Your Honor.

13             MS. HAMBRICK:  If I could briefly interrupt?  I just

14   wanted to clarify there was also an agreement that the

15   defendant agrees to forfeit the Gateway laptop computer that

16   was involved in the commission of the offense.

17             THE COURT:  Right.  I noticed that.

18             The nature of the charge in this matter is attempted

19   receipt of child pornography in violation of Title 18 United

20   States Code Section 2252(a).  The pertinent statute states as

21   follows, "any person who knowingly receives or distributes any

22   child pornography that has been mailed or using any means or

23   facility of interstate or foreign commerce, shipped or

24   transported in or effecting interstate or foreign commerce by

25   any means including by computer shall be fined under this title

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 30 of 60
Case 1:18-cr-00167-ABJ Document 61 Filed 06/24/19 Page 22 of 30

22

1    and imprisoned not less than 15, nor more than 40 years."

2            Now, the charge in this matter reads as follows,

3    "On or about September 28, 2018, in the District of Wyoming,

4    the defendant Daniel Aaron Koch knowingly received and

5    attempted to receive child pornography as defined by Title 18

6    United States Code Section 2256(a)(8)(a) that had been mailed,

7    shipped and transported using a means and facility of

8    interstate commerce; namely, the defendant received and

9    attempted to receive an image of a child engaged in sexually

10   explicit conduct via the internet and cellular phone telephone

11   network in violation of 18 United States Code Sections 2252(a)

12   subparagraph (a)(2)(a) and subparagraph (b)(1)."

13           Child pornography is defined under Section 2256()(a)

14   as, "Any visual depiction including any photograph, film,

15   video, picture or computer -- or computer-generated image or

16   picture whether made or produced by electronic, mechanical or

17   other means of sexually explicit conduct where a production of

18   such visual depiction involves the use of a minor engaging in

19   sexually explicit conduct."  And "sexually explicit conduct"

20   means "graphic intercourse including genital to genital, oral

21   genital, anal genital, oral anal, whether between persons of

22   the same or opposite sex, or simulated sexual intercourse where

23   the genitals, breasts or pubic area of any person is

24   exhibited."

25           If this matter had gone to trial, the Government

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 31 of 60
Case 1:18-cr-00167-ABJ Document 61 Filed 06/24/19 Page 23 of 60

23

1    would have the burden of proving each of these elements beyond

2    a reasonable doubt:  First, that the offense occurred on or

3    about September 28, 2018."  The "on or about" language simply

4    means the Government doesn't know precisely, but a date

5    reasonably near September 28, 2018; which probably represents

6    the date that the Government was able to make an arrest in this

7    matter and develop information your possession of child

8    pornography.

9         Second, the offense occurred in the District of

10   Wyoming.  Well, the District of Wyoming is significant for two

11   reasons:  Not only does the offense allegedly occur in Wyoming,

12   but you are standing in front of a Wyoming Federal Court in

13   Wyoming.  It selects the forum where the case is heard, and

14   also the jurors who would hear the case are adult residents of

15   Wyoming.  The third element is that you are Daniel Aaron Koch,

16   the person identified in the indictment.  And the fourth

17   element really can be divided up a little bit.  First of all,

18   that you acted knowingly.  You knew what you were doing.  You

19   acted voluntarily, not because of any accident, mistake or any

20   other innocent reason.  Second, that you received or attempted

21   to receive child pornography as I have given you the

22   definition.  That child pornography had been in and effecting

23   interstate commerce by any means including by a computer in

24   this case, by computer or cellular telephone, and it was

25   received in this matter or in this matter of a child engaged in

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 32 of 60
Case 1:18-cr-00167-ABJ Document 61 Filed 06/24/19 Page 24 of 30

24

1    sexually explicit conduct via computer, the Internet and a

2    cellular telephone network.  Do you understand the nature of

3    the charge?

4              THE DEFENDANT:  Yes, Your Honor, I do.

5              THE COURT:  I will ask you your plea at this point.

6    Daniel Aaron Koch, to the charge that you violated pertinent

7    statutes prohibiting the receipt and attempted receipt of child

8    pornography, how do you plead?  Guilty or not guilty?

9              THE DEFENDANT:  Guilty.

10             THE COURT:  Are you pleading guilty voluntarily of

11   your own free will?

12             THE DEFENDANT:  Yes, I am.

13             THE COURT:  Has anyone forced you to plead guilty?

14             THE DEFENDANT:  No, Your Honor.

15             THE COURT:  No threats of coercion or violence?

16             THE DEFENDANT:  None.

17             THE COURT:  Other than the plea agreement in this

18   matter, have any special promises, favor or lenience to induce

19   you to plead guilty?

20             THE DEFENDANT:  No, Your Honor.

21             THE COURT:  Are you pleading guilty because are, in

22   fact, guilty?

23             THE DEFENDANT:  Yes, I am.

24             THE COURT:  Ms. Hucke, how did you wish to handle the

25   factual basis?

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 33 of 60
Case 1:18-cr-00167-ABJ Document 61 Filed 06/24/19 Page 25 of 30

25

1          MS. HUCKE:  I would like to elicit the factual basis

2   from Mr. Koch.

3          THE COURT:  I will let you try, and if Ms. Hambrick

4   has some follow-up, she will follow up, and I will follow up.

5          MS. HUCKE:  Thank you.

6          Mr. Koch, on or about September 28, 2018, were you in

7   Gillette, Wyoming?

8          THE DEFENDANT:  I was.

9          MS. HUCKE:  And on or about that date, did you

10  attempt to receive child pornography?

11         THE DEFENDANT:  I did.

12         MS. HUCKE:  And by attempting to receive, did you use

13  a file sharing network?

14         THE DEFENDANT:  Yes, I did.

15         THE COURT:  And did you also use the Internet?

16         THE DEFENDANT:  Of course.  Yes, ma'am.

17         MS. HUCKE:  And when I say "child pornography," are

18  you aware that these images contained people under the age of

19  18?

20         THE DEFENDANT:  Yes.

21         MS. HUCKE:  Who were engaged in sexually explicit

22  activity?

23         THE DEFENDANT:  Yes.

24         MS. HUCKE:  I have no further questions, Your Honor.

25         THE COURT:  Did you know what you were doing was

MONIQUE GENTRY, RPR, CSR                mkg.gentry@gmail.com

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 34 of 60
Case 1:18-cr-00167-ABJ Document 61 Filed 06/24/19 Page 26 of 30

26

1     wrong?

2          THE DEFENDANT:  I did, Your Honor.

3          MS. HAMBRICK:  I don't have any follow-up, Your

4     Honor.

5          THE COURT:  Very well.

6          It is the finding of the Court in the case of the

7     United States of America against Daniel Aaron Koch that

8     Mr. Koch is fully competent and capable of entering an informed

9     plea in this case.  Mr. Koch is aware of the nature of the

10    charges and the consequences of the plea, and that the plea of

11    guilty is made knowingly and voluntarily independent basis of

12    fact containing his admissions that contain each of the

13    essential elements of the offense.  His plea to Count 2 is,

14    therefore, accepted, and he is adjudged guilty of that offense.

15         There is also a forfeiture notice contained in the

16    indictment alleging pursuant to Title 18 United States Code

17    Section 2253 that the Government upon application may seek

18    forfeiture of those items that were used in connection with the

19    violation.  Section 2243, a person that is convicted of an

20    offense, as you have been, under this chapter involving visual

21    depiction described in Section 2252(a), which is the charge

22    here or who is convicted of an offense under other sections of

23    "any visual depiction described in the pertinent statute,

24    forfeiture of any property real or personal, intended or used

25    to commit or promote commission of such offense or traceable to

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 35 of 60
Case 1:18-cr-00167-ABJ Document 61 Filed 06/24/19 Page 27 of 30

27

1    such property."  Do you understand?

2            THE DEFENDANT:  Yes, Your Honor.

3            THE COURT:  Do you admit that the Government is

4    entitled to forfeit the property?

5            THE DEFENDANT:  Yes, sir.

6            THE COURT:  I'm not seeing any particular property

7    that is listed, but there is a list of generic property

8    contained in the indictment.  It would be "the visual

9    depictions and items that were contained, and then any real or

10   personal, constituted or traceable to gain those profits or

11   other proceeds obtained from the offense"; third, any property

12   real or personal used or intended to be used to commit or to

13   promote commission of the offense.

14           Do you understand?

15           THE DEFENDANT:  Yes.  My understanding is that would

16   be the Gateway laptop that Ms. Hambrick referred to.

17           THE COURT:  Do you agree?

18           MS. HAMBRICK:  That's correct.  That is the only

19   property that we'll be forfeiting.

20           THE COURT:  Very well.

21           You will be contacted almost immediately following

22   this proceeding by Ms. Danni who will make arrangements to

23   obtain releases from you to obtain information and begin the

24   process over the next 45 days of preparing that presentence

25   investigation report which you will receive through your

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 36 of 60
Case 1:18-cr-00167-ABJ Document 61 Filed 06/24/19 Page 28 of 30

28

1  attorney.  I see that you are confined and have been for a

2  lengthy period of time at this point.  I suspect you are over

3  at Scottsbluff?

4         THE DEFENDANT:  Yes, Your Honor.

5         THE COURT:  How are you doing?

6         THE DEFENDANT:  Cold.  It has heating issues over

7  there recently, but it is as good as can be expected.

8         THE COURT:  Are you able to take advantage of any of

9  the programs there?

10        THE DEFENDANT:  I was under the understanding that I

11 could not take any programs, because I am a federal case, Your

12 Honor.  That may have been misinformation that was given to me,

13 but I don't know.

14        THE COURT:  Things have changed considerably.

15        John, what is going on out there?

16        MR. GOODMAN:  I believe the defendant is misinformed.

17 There is no reason at all that federal defendants that are

18 housed in Scottsbluff County Detention Center cannot

19 participate in programs.  He may want to follow up on that or

20 have his attorney follow up with whatever program he would like

21 to enroll in.

22        THE COURT:  He may not.  Ms. Hucke would be the

23 person to find out, and we will -- she will look into it when

24 she gets a chance to be over in that area and visit with you.

25        THE DEFENDANT:  Thank you, Your Honor.

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 37 of 60
Case 1:18-cr-00167-ABJ Document 61 Filed 07/24/19 Page 29 of 30

29

1          THE COURT:  See what you might be interested, because

2     it will help pass the time.

3          All right.  We might need a time for the next

4     sentencing hearing in this matter?

5          COURTROOM DEPUTY:  Sentencing is set for April 25th

6     at 9:30.

7          MS. HAMBRICK:  And, Your Honor, I anticipate there

8     may be some contested guideline issues, and so I am

9     anticipating perhaps some testimony from an agent, so I don't

10    know if we need to allow just -- I think it may take a little

11    bit longer than one hour.

12         THE COURT:  All right.  We should note we are looking

13    at more than one hour.

14         MS. HAMBRICK:  Thank you.

15         THE COURT:  Let's leave it.  I think we'll be all

16    right.

17         All right.  Any other matters to be brought before

18    the Court at this point?

19         MS. HUCKE:  No, Your Honor.  Thank you.

20         THE COURT:  Very well.

21         Let me ask again, Mr. Koch, do you have any

22    questions?

23         THE DEFENDANT:  No, Your Honor.

24         THE COURT:  Very well.  We'll stand in recess.

25          (Proceedings concluded February 14, 2019; 12:09 p.m.)

1

2                          C E R T I F I C A T E

3

4

5

6          I, MONIQUE GENTRY, Federal Official Court

7    Reporter for the United States District Court for

8    the District of Wyoming, a Registered Professional

9    Reporter, Certified Shorthand Reporter, do hereby

10   certify that I reported by machine shorthand the

11   foregoing proceedings contained herein on the

12   aforementioned subject on the date herein set forth,

13   and that the foregoing 29 pages constitute a full,

14   true and correct transcript.

15

16          Dated this 23rd day of June, 2019.

17

18

19

20

21                            /s/ Monique Gentry

22                          MONIQUE GENTRY

23                    Registered Professional Reporter
                      Certified Shorthand Reporter
24                    United States Court Reporter

25

Case 1:19-cr-00167-ABJ  Document 65-2  Filed 07/12/19  Page 39 of 60
Case 1:18-cr-00167-ABJ  Document 52  Filed 06/24/19  Page 1 of 22

1

```
 1              IN THE UNITED STATES DISTRICT COURT

 2                 FOR THE DISTRICT OF WYOMING

 3   UNITED STATES OF AMERICA,        DOCKET NO. 18-CR-167-J

 4           Plaintiff,               Cheyenne, Wyoming
                                      April 22, 2019
 5           vs.                      9:35 a.m.

 6   DANIEL AARON KOCH,

 7           Defendant.

 8            TRANSCRIPT OF SENTENCING PROCEEDINGS

 9        BEFORE THE HONORABLE ALAN B. JOHNSON
              UNITED STATES DISTRICT JUDGE
10
     APPEARANCES:
11
     For the Plaintiff:        TIMOTHY J. FORWOOD
12                             Assistant United States Attorney
                               District of Wyoming
13                             P.O. Box 22211
                               Casper, Wyoming 82602
14

15   For the Defendant:        TRACY RACICOT HUCKE
                               Federal Public Defender's Office
16                             214 West Lincolnway, Suite 31-A
                               Cheyenne, Wyoming 82001
17

18

19

20

21

22   Court Reporter:           Monique Gentry, RPR, CSR
                               2120 Capitol Avenue, Room 2226
23                             Cheyenne, WY 82001
                               (307)274-4661/mkg.gentry@gmail.com
24
     Proceedings recorded by stenography; transcript produced with
25   computer-aided transcription.
```

1    (Proceedings commenced Monday, April 22, 2019; 9:35 a.m.)

2         THE COURT:  Thank you.  Please, be seated.  The

3    matter this morning for hearing is on a sentencing proceeding

4    in the matter of United States of America, Plaintiff, against

5    Daniel Aaron Koch, Defendant.  This matter comes before the

6    Court under Docket 18-CR-167.

7         Mr. Koch has been convicted of receipt of child

8    pornography in violation of Title 18 United States Code

9    Sections 2252(a) subparagraph (a)(2)(A) and (b)(1).

10         Representing the Government today and standing in for

11   Stephanie Hambrick is Timothy Forwood, Assistant United States

12   Attorney.  The defendant is present and represented here by

13   Tracy Hucke, Federal Public Defender.

14         Is the Government ready to proceed?

15         MR. FORWOOD:  We are, Your Honor.

16         THE COURT:  Very well.

17         MR. FORWOOD:  May it please the Court?

18         THE COURT:  Mr. Forwood.

19         MR. FORWOOD:  Counsel.

20         Your Honor, as stated, we are here for sentencing

21   regarding Daniel Aaron Koch.  The defendant was charged with

22   one count of possession of child pornography and one count of

23   receipt of child pornography.  Pursuant to the plea agreement,

24   which essentially just agreed to the reduction in three levels

25   for acceptance of responsibility, the defendant pleaded guilty

Case 1:19-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 41 of 60
Case 1:18-cr-00016-ABJ Document 62 Filed 06/24/19 Page 3 of 22

3

1    to receipt of child pornography.  Due to a prior offense, his

2    sentence is no less than 15 years and up to 40 years

3    imprisonment, five years to life of supervised release and a

4    $250,000 fine.

5            The defendant's base offense level begins at level

6    22.  He receives a two-level increase for the material

7    containing images of a prepubescent minor, another two-level

8    increase for sending child pornography, a four-level increase

9    because some of the material contained sadistic and masochistic

10   conduct; five-level increase for the amount -- for the

11   defendant engaging in a pattern of activity.  This, again, is

12   due to his prior 2004 offense; a two-level increase for the use

13   of a computer -- though, the United States typically asks that

14   that section not apply; an additional five-level increase for

15   the amount of images being more than 600, so a five-level

16   increase there.

17           This results in an adjusted offense level of 42.

18   After acceptance of responsibility down to 39, and the

19   Government would request an additional two-level reduction to

20   remove the computer enhancement.

21           This, Your Honor, results in a guideline sentence of

22   235 months to -- I believe it is 295, if memory serves me

23   correctly -- yes.  Sorry -- 235 to 293 months, Your Honor.

24   The Government will make a brief argument later on, if that is

25   suitable to the Court, but the Government does believe that a

Case 1:19-cr-00167-ABJ   Document 65-3   Filed 07/12/19   Page 42 of 60
Case 1:18-cr-00016-ABJ   Document 62   Filed 06/24/19   Page 4 of 22

4

1    sentence on the low end of that guideline is the appropriate

2    sentence.  Thank you.

3              THE COURT:  Very well.

4              Ms. Hucke?

5              MS. HUCKE:  Thank you, Your Honor.  We have had the

6    opportunity to go over the presentence investigation report,

7    Mr. Koch and I.  We have no additional objections at this time.

8    We have come to a stipulation with the Government as far as

9    restitution, so -- I was provided all of the additional

10   documentation, so I will withdraw that objection at this time.

11             The stipulation is $2,000 per victim.  And as stated

12   in the PSR, there are seven victims that have requested

13   restitution.  The total amount would be $14,000.

14             THE COURT:  Very well.

15             Government agrees, I assume?

16             MR. FORWOOD:  We do, Your Honor.  I should have said

17   that before.

18             THE COURT:  I will note that I received a sentencing

19   statement prepared by Ms. Hucke in this case, and attached to

20   it is an E-mail from a highway patrolman, I believe, concerning

21   an act of assisting a woman who was trapped in her vehicle; a

22   letter from Frank Hall, a friend of Fort Wayne, Indiana; a

23   letter from Kit Leslie and Rachel Anderson.  Mr. Anderson

24   indicates that he has known the defendant for a number of years

25   and that the defendant has associated with the family and

Case 1:19-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 43 of 60
Case 1:18-cr-00016-ABJ Document 62 Filed 06/24/19 Page 5 of 22

5

1   without incident, and there is a friendship there; a letter

2   from David -- Darrel Poindexter, who is a friend for 25 years

3   with the defendant in this matter.  I don't think there are any

4   other letters.  That is everything I have.

5           MS. HUCKE:  That's correct, Your Honor.

6           THE COURT:  Mr. Koch, please, come forward with your

7   counsel.

8           Please raise your right hand the best you can.

9       (Defendant was sworn.)

10          THE COURT:  Please, state your name for the record.

11          THE DEFENDANT:  Daniel Aaron Koch.

12          THE COURT:  And your age?

13          THE DEFENDANT:  Forty-two.

14          THE COURT:  Are you under the influence of any drug,

15  alcohol, pill or medication today?

16          THE DEFENDANT:  Just Lisinopril, Your Honor.

17          THE COURT:  Is there any physical or mental

18  conditions that you are aware of that would interfere with your

19  understanding of what is happening?

20          THE DEFENDANT:  No, Your Honor.

21          THE COURT:  Have you been able to confirm with

22  counsel concerning your sentencing in this case?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  Are you satisfied with the work that she

25  has been doing for you?

Case 1:19-cr-00167-ABJ  Document 65-3  Filed 07/12/19  Page 44 of 60
Case 1:18-cr-00016-ABJ  Document 62  Filed 06/24/19  Page 6 of 22

6

1          THE DEFENDANT:  Yes, I am, Your Honor.

2          THE COURT:  I have a revised presentence

3   investigation report that was created after Ms. Hucke submitted

4   objections; namely, to the names of relatives -- close

5   relatives which have now been corrected in the revised

6   presentence investigation report.

7          Are there any further objections to the presentence

8   investigation report as a matter of fact or law in this matter?

9          MS. HUCKE:  No, Your Honor.

10         THE COURT:  Very well.  Having reviewed the revised

11  presentence investigation report with counsel, are you

12  satisfied that you understand it, Mr. Koch?

13         THE DEFENDANT:  Yes, Your Honor.

14         THE COURT:  How would you like to proceed?

15         MS. HUCKE:  We are prepared to go forward with -- to

16  supplement our sentencing argument if the Court would like?

17         THE COURT:  Please.

18         MS. HUCKE:  As I know the Court has had the

19  opportunity to review the sentencing statement, I do apologize

20  for the late filing.  There was a calendering mistake, so I

21  didn't want to put anybody in any tough position this morning,

22  so I do apologize for that.  I won't reiterate the argument

23  with this particular set of guidelines, but I really think it

24  has been very enlightening me for in just doing the research

25  comparing them to other set of guidelines, and I think it is --

Case 1:19-cr-00167-ARJ   Document 65-2   Filed 03/12/19   Page 45 of 60
Case 1:18-cr-00016-ABJ   Document 62   Filed 06/24/19   Page 7 of 22

7

1    they really are not -- it is more politically based, not based

2    on empirical evidence.  It is very similar to the use of

3    computer enhancement, which this district has recognized that

4    is really part and partial for the nature of this offense for

5    this time and age.  I think it also -- the other enhancements

6    go in line with that, as well; that most, if not all, of these

7    cases involve many images.  Especially when a video is 75

8    images, it really brings the number up to 600 very quickly as

9    well as the types of images.  I think that is something for the

10   Court to consider when looking at the guideline range in this

11   case.

12          For Mr. Koch, he realized that he does have a prior

13   offense and that does increase his mandatory minimum by 10

14   years as to what people normally facing this offense that don't

15   have a prior charge or conviction are facing.  So I think that

16   his prior conviction is really already built into the mandatory

17   minimum.  And a 15-year sentence is an extremely lengthy

18   sentence, so that is why we ask the Court to accept our

19   recommendation and sentence him to the mandatory minimum of 180

20   months.

21          And also, Your Honor, I was happy to receive the

22   letters from Mr. Koch's friends.  I think it is very

23   enlightening that he has had these relationships for a long

24   time, and everyone describes him as a caring, selfless friend

25   who is willing to drop what he is doing and help them at any

Case 1:19-cr-00167-ARJ   Document 65-2   Filed 07/12/19   Page 46 of 60
Case 1:18-cr-00016-ARJ   Document 62   Filed 06/24/19   Page 8 of 22

8

1   time.  Then when we really see the accident, I think that is

2   another indication that really shows the other side of

3   Mr. Koch; that he was willing to stop and really put his life

4   at risk and help the woman -- try to attempt to get her out of

5   her burning vehicle.  He did that without a second thought not

6   knowing that there would be any accolades that came from that

7   incident.  And honestly now having dealt with it afterward,

8   there has been a fair amount of trauma to him that that was a

9   traumatizing event having to help the woman, but I really think

10  that that shows the Court who Mr. Koch is.  I think for him it

11  has been good for him seeing these letters, because when you

12  are facing such a lengthy sentence, I think there is a tendency

13  to just give up on your life and relationships.  Now he has

14  realized that these people are still here for him.  He still

15  has a support system that he can continue to engage with them

16  and foster those relationships.  I just think that that was

17  enlightening.

18          He would ask that he have a designation in Sheridan,

19  Oregon.  It will be close to his sister, so he will be able to

20  have some family contact.  As well as we do, as I previously

21  mentioned, have a stipulation as far as restitution for $2,000

22  per victim.  There are seven, so the total would be $14,000.

23  With all of that, Your Honor, we do think a mandatory minimum

24  sentence in this case is appropriate, and we would ask that the

25  Court grant our recommendation.

9

1          THE COURT:  Thank you.  Mr. Koch, you are certainly

2     entitled to speak at this time, and I would pleased to hear

3     from you.

4          THE DEFENDANT:  I understand that and agree that I

5     have done many wrong things.  I have done horrible actions that

6     nobody should ever do.  My thinking at the time was erroneous,

7     and I didn't think about the victims themselves.  I thought

8     that it was a petty act of no consequence, and that really was

9     entirely wrong.  My actions have betrayed the trust of my

10    family and friends who are dear to me.  Have made me feel less

11    than I am.  I am so shamed.  I am not dealing with my

12    own past issues.  It has given me the wherewith all to stand

13    up and say, "Yes.  I have done these things.  I am still a man,

14    and I am still -- have something left to give in this world."

15    I only ask for the opportunity to do so.  Thank you.

16          THE COURT:  Mr. Forwood?

17          MR. FORWOOD:  Thank you, Your Honor.  The Government

18    has read Ms. Hucke's sentencing memorandum.  I have reviewed

19    the PSR.  I just recently inherited this case for lack of

20    better terms.  A couple of comments, Your Honor, are regarding

21    the objection to the enhancements and asking for a mandatory

22    minimum, I have seen this sentencing memorandum and other

23    sentencing memorandums recently, and the view of the Government

24    is that not all sentences can or should be based on empirical

25    data.  Sometimes, it is -- you have to see what information we

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 48 of 60
Case 1:18-cr-00167-ABJ Document 62 Filed 06/24/19 Page 10 of 22

10

1      have.  These child pornography cases, there are certain things

2      we can point to.  What is the nature of these images?  Here,

3      there is a four-point enhancement for the sadomasochistic.

4      Sometimes we also see it for infant conduct.  That is a

5      different type of image, Your Honor, that should be dealt with

6      more seriously.  Images of the prepubescent child should also

7      be dealt with more seriously.

8              And what happens, Your Honor, is that if we just

9      disregard those, there are situations in which we charge

10     individuals who don't have those enhancements, and they don't

11     have as high a guideline.  It -- what it does is that it

12     minimizes what -- their conduct.  It makes them all equal.  The

13     amount of images, Your Honor, that is another one we see quite

14     a bit.  It does not take much to get above the 600 image

15     threshold and add that five-point enhancement.  What we are

16     also seeing in our child exploitation cases nowadays, Your

17     Honor, is we are not finding the images that we used to.

18     There is not a need to store them.  Individuals can acquire

19     these images and delete them right away.  They can put them

20     on thumb drives and throw away the thumb drives.  And they can

21     look at images on the Internet, and never have a need to

22     download it, and there will be never be a trace on their

23     computer.

24              What is highly concerning is that on phones if they

25     look at it on their phone, and they close out of that

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 49 of 60
Case 1:18-cr-00167-ABJ Document 62 Filed 06/24/19 Page 11 of 22

11

1     application, there will never be a trace of that.  It is

2     becoming more and more difficult to discover this.

3         But the Government does take other things into

4     account; hence, why we do not ask for that two-point

5     enhancement to apply in cases of the use of a computer in cases

6     like this.  If it is a more complicated matter, we might.  But

7     in this situation, we don't.  We do look at those

8     circumstances.  And each of those points, I believe, are added

9     for reasons.

10         In this situation, Your Honor, this defendant

11    guidelines incredibly high, but, again, there is reason for

12    that.  His prior offense is concerning.  It was a sexual

13    assault of a minor child.  And here we have now the defendant

14    looking at images of small children again sadomasochistic

15    conduct.  That is concerning especially considering his past.

16    In other cases, defense counsel might ask for a psychosexual

17    evaluation to see if there is a risk of recidivism as well as

18    the possibility of a hands-on offense.  Defense did not get one

19    in this situation for good reason, Your Honor, because when you

20    look at the past, and you look at the present conduct of that

21    pending charge in Gillette, this defendant is a concern for our

22    community.  He should be punished adequately, Your Honor.  We

23    do believe a guideline sentence of 235 months will accomplish

24    that.

25         THE COURT:  The Court adopts the recommendation of

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 50 of 60
Case 1:18-cr-00167-ABJ Document 62 Filed 06/24/19 Page 12 of 22

12

1    the United States in this matter and finds that the total

2    offense level is 37, and the Criminal History Category is II as

3    determined by the United States Probation Officer.  This

4    determination is all made pursuant to the local policy that

5    recognizes that the use of a computer is so common as to really

6    not amount to an enhancement at this point.

7           When the Court looks at these cases, of course, it

8    must take into consideration the provisions of Title 18 United

9    States Code Section 3553(a) and all that follows.  In this

10   case, the defendant comes to the court with a prior hands-on

11   conviction, and some problems with regard to serving that

12   sentence and the period of supervision that followed that

13   sentence in that there was a revocation issue.  He was sent

14   back for an additional period of incarceration.  As I recall

15   when this case came before the court, there was some delay in

16   that the Federal Public Defender was attempting to achieve a

17   global settlement of a pending state court matter in Wyoming,

18   also involving a hands-on allegation anyway that involved a

19   15-year-old girl, and that matter, as I understand it, has not

20   resolved and still remains pending at this point.  There are no

21   objections to the presentence investigation report, and the

22   Court will adopt them.

23          It is difficult to know, and we don't know to a

24   certainty of what leads an individual as expressed here by

25   Mr. Koch into this kind of abuse; whether it is early incidents

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 51 of 60
Case 1:18-cr-00167-ABJ Document 62 Filed 06/24/19 Page 13 of 22

13

1    of abuse that may have occurred imposed upon him or an early

2    sexual experience that creates this interest or possibly other

3    influence of other bad injuring event that occurred in his life

4    that are playing out with these kinds of issues.  Nevertheless,

5    here, he is a man in his middle years coming to the court and

6    acknowledging finally as is appropriate that he realized that

7    there are real victims in these offenses.  And I think the

8    Federal Public Defender has received the background information

9    on these individuals, these persons who have been abused and

10   whose images are preserved and put out there on the Internet.

11   I have considered the arguments that have been made in this

12   matter recognizing that there is in other cases an analysis of

13   the guideline in this particular offense that is highly

14   critical of it.  I was thinking the comments by Judge Gleason,

15   the district judge in New York, and the recognition that is

16   brought to this court frequently by the Federal Public Defender

17   that the offense in this -- the guideline in this area is

18   largely one that was created by congressional influence without

19   significant background, but we do have a defendant before the

20   court who does have a hands-on offense and is presently

21   charged -- or I don't know what the status of that is -- with a

22   hands-on event that is more recent, and this history, which is

23   very, very concerning to the court.  All offenders are, or at

24   least most offenders, who come before the court, are not -- you

25   can't say all bad or all good.  Every human being is made up of

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 52 of 60
Case 1:18-cr-00167-ABJ Document 62 Filed 06/24/19 Page 14 of 22

14

1    various motivations, and it is clear that Mr. Koch has been a

2    friend to others and has had entirely worthwhile inclinations

3    in his life in that he tried to save a lady in a burning car

4    which represented substantial danger to him, and certainly a

5    very shocking and unpleasant incident.

6          This is one of those cases where I feel not so much

7    from the standpoint of untoward depreciation of the seriousness

8    of the offense, but this a case for a sentence that talks about

9    removal for a period of time based upon history and pending

10    charges.

11          I don't know, and we don't know at this point how a

12    person can ever be rehabilitated from these charges from this

13    conduct.  I think there are sex offense classes and so forth,

14    but I don't have any good statistics as to how effective they

15    are.

16          Mr. Koch is 42 years old.  This is his second felony

17    offense; has a prior conviction of child molestation and

18    paroled in 2010, and discharged from that parole in 2011.

19          He is a person who is under investigation for

20    hands-on sexual offense of a 15-year-old girl.  Defendant was

21    raised in a dysfunctional family environment.  His parents were

22    divorced when he was young.  He resided in that family until

23    high school.  He had a brief stint in the military.  Discharged

24    under other than honorable conditions of as a result of what he

25    says was family issues involving his young wife at that time.

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 53 of 60
Case 1:18-cr-00167-ABJ Document 62 Filed 06/24/19 Page 15 of 22

15

1    He is a person who has earned a college degree, secured

2    employment, and maintained employment, which is chalked up to

3    in part, the prior offense and being required to register as a

4    sex offender.  He has fathered four children by two different

5    women, and possibly a fifth child of which we know little.  He

6    comes before the court showing signs of depression.  It is not

7    surprising a person in his situation would face that.

8          Pursuant to the Sentencing Reform Act of 1984 and

9    having considered those factors in Title 18 United States Code

10   Section 3553(a), it is the judgment and sentence of the court

11   that the defendant Daniel Aaron Koch is hereby sentenced to a

12   term of 240 months in custody of the Bureau of Prisons.

13         Upon his release from imprisonment, he shall be

14   placed on supervised release for 10 years.  And within 72 hours

15   of release, he shall report in person to the probation office

16   in the district to which he is released.  While on supervised

17   release, he shall comply with the mandatory and standard

18   conditions that have been adopted by this court, except the

19   mandatory drug testing requirement is waived.

20         The probation officer will provide state officials

21   with any and all information required by the state Sex Offender

22   Registration Agency and may direct the defendant to report to

23   that agency personally for additional processing such as

24   photograph and fingerprints.

25         In addition, due to the nature of offense of

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 54 of 60
Case 1:18-cr-00167-ABJ Document 62 Filed 06/24/19 Page 16 of 22

16

1  conviction, conditions are recommended to address his risk of

2  sexually deviant behavior.  These include monitoring of

3  computer use, sex offender registration, restrictions on

4  associations with minor children and vulnerable adults,

5  polygraph testing and sex offender treatment.

6          Given the nature and extent of his criminal history,

7  a condition is imposed to address cognitive thinking errors.

8  The nature of sex crimes and the need to address officer safety

9  justifies a search condition.

10          These are the special conditions:  First, Mr. Koch

11  shall not access the Internet with any device unless such

12  device has filtering software installed which has been approved

13  by the probation officer.  He shall not make any attempt to

14  conceal or erase the names of sites visited.  And it shall be

15  configured -- any computer shall be configured to retain

16  history for at least 30 days; second, Mr. Koch shall not

17  possess, send or receive any pornographic, sexually oriented,

18  or sexually stimulating visual, auditory, telephonic or

19  electronic signs, signals or sounds from any source unless part

20  of a treatment regimen.  He shall not visit bulletin boards,

21  chat rooms or other Internet sites where any pornographic,

22  sexually oriented or sexually stimulating images or messages

23  are discussed.  He shall not send or receive E-mail or other

24  documents discussing any pornographic, sexually oriented or

25  sexually stimulating images or messages.  Third, Mr. Koch shall

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 55 of 60
Case 1:18-cr-00167-ABJ Document 62 Filed 06/24/19 Page 17 of 22

17

1   not use or possess any computer not authorized by the probation

2   officer; shall consent to having installed on his computer or

3   computers at his own expense any hardware or software systems

4   to monitor computer use.  Defendant may be limited to

5   possessing only one personal Internet capable device to

6   facilitate effective monitoring of his Internet-related

7   activities, and shall consent to the probation officer

8   conducting periodic unannounced examinations of his computer's

9   hardware and other electronic devices, which may include

10   retrieval and copying of all data from his computers.  This

11   also includes the removal of such equipment, if necessary, for

12   the purpose a conducting a more thorough inspection or

13   investigation.  He will sign the forensic intake agreement that

14   will be provided by the probation officer.  A computer is

15   defined by Title 18 United States Code Section 1030(e).

16         Fourth, Mr. Koch shall participate in and

17   successfully complete sex offender treatment in a program

18   approved by the probation officer, complying with the rules,

19   requirements and conditions of the treatment program, and shall

20   not discontinue treatment without permission of the probation

21   officer.

22         Fifth, he shall be required to commit to periodic

23   polygraph testing to assure that he is in compliance with the

24   requirements of his supervision or treatment program.

25         Sixth, he shall not associate with children under the

MONIQUE GENTRY, RPR, CSR         mkg.gentry@gmail.com

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 56 of 60
Case 1:18-cr-00167-ABJ Document 62 Filed 06/24/19 Page 18 of 22

18

1     age of 18 or mentally or physical vulnerable adults, except in

2     the presence of a responsible adult who is aware of the nature

3     of the defendant's offense and who has been approved by the

4     U.S. Probation Officer.

5          Seventh, Mr. Koch shall register with the state

6     registration agency in any state, and shall be in compliance

7     with the requirements of that local law.  This would apply in

8     any place where he may reside, may be employed, carries on a

9     vocation or may be a student as directed by the probation

10    officer.

11         Eight, I order an explicit condition of supervised

12    release for the defendant to register under the Sex Offender

13    Registration and Notification Act; that he submit his person

14    any property, storage facility, office, residence, house,

15    vehicles, papers, computers or other electronic communications

16    or data storage devices or media to be searched at any time

17    with or without a warrant by any law enforcement or probation

18    officer with reasonable suspicion concerning a violation of a

19    condition of supervised release.  Those who live with him need

20    to be advised of these search conditions.

21         Nine, Mr. Koch shall participate in a cognitive

22    behavioral treatment regimen as directed by his probation

23    officer.  Restitution is mandatory and is ordered in the sum

24    of $2,000 for each of the seven victims in this matter.  And

25    the names are listed in the presentence report of where those

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 57 of 60
Case 1:18-cr-00167-ABJ Document 62 Filed 06/24/19 Page 19 of 22

19

1    payments will be sent by the Clerk of Court's office.

2          The Court finds that the defendant is unable to pay

3    the $5,000 for Victims of Trafficking Act and waives that

4    assessment.  I find further that the defendant does not have

5    the ability to pay a fine in addition to restitution, so no

6    fine is ordered.  It is ordered, however, that the defendant

7    shall pay a special assessment fee in the amount $100, which

8    shall be due immediately.  Payments for monetary obligations

9    including restitution shall be made by cashier's check or money

10   order to the Clerk of the District Court, 2120 Capitol Avenue,

11   Suite 2131, Cheyenne, Wyoming 82001.  The defendant shall

12   participate in the Inmate Financial Responsibility Program to

13   pay all of his monetary obligations immediately.  While

14   incarcerated, he shall make payments of at least $25 per

15   quarter.  Any amount not paid immediately through the Inmate

16   Financial Responsibility Program shall be paid commencing 60

17   days after his release and not less than 10 percent of gross

18   monthly income.  All monetary payments should be satisfied not

19   less than 60 days prior to the expiration of the term of

20   supervised release.

21          Defendant has not waived his right to appeal as a

22   condition of his plea agreement.  I advise him that he has

23   14 days following entry of the judgment to file a notice of

24   appeal with the Clerk of Court's office.  Should he decide not

25   to do that or be late, that could have a bad impact upon any

Case 1:18-cr-00167-ABJ   Document 65-3   Filed 07/12/19   Page 58 of 60
Case 1:18-cr-00167-ABJ   Document 62   Filed 06/24/19   Page 20 of 22

20

1    desire to appeal.

2            Does the Government move to dismiss Count 1?

3            MR. FORWOOD:  We do, Your Honor.

4            THE COURT:  Count 1 is dismissed.  The Court

5    recommends that the defendant be placed or designated to the

6    institution in Sheridan, Oregon, which is located close to

7    where one of his sisters resides and would afford a place for

8    him to -- some contact with family.

9            Anything further?

10           MR. FORWOOD:  No, Your Honor.

11           THE COURT:  Have I forgotten anything, Ms. Danni?

12           PROBATION:  No, Your Honor.

13           MS. HUCKE:  Your Honor, if I may, I would just -- I

14   would object to the Court using any information to weigh the

15   sentencing recommendation on those pending allegations.  As the

16   Court is aware, early on, we did look into the possibility of a

17   global agreement, and I have discussed that with Mr. Koch, but

18   he does maintain his innocence with those allegations.  And as

19   the -- I don't believe they have even been charged yet.  As far

20   as I know, they are just pending.  And so he is and he

21   maintains innocent at this time.  I would object to the Court

22   using that information in weighing a sentence recommendation.

23           THE COURT:  It is not weighed into the sentencing

24   calculation on the Court, but I note that there are pending

25   issues out there today of a hands-on offense.  The calculation

Case 1:18-cr-00167-ABJ Document 65-3 Filed 07/12/19 Page 59 of 60
Case 1:18-cr-00167-ABJ Document 62 Filed 06/24/19 Page 21 of 22

21

1    was done by the probation officer based upon his prior offense.

2    If there is nothing further, we stand in recess.

3           (Proceedings concluded April 22, 2019; 10:14 a.m.)

1

2                        C E R T I F I C A T E

3

4

5

6           I, MONIQUE GENTRY, Federal Official Court

7    Reporter for the United States District Court for

8    the District of Wyoming, a Registered Professional

9    Reporter, Certified Shorthand Reporter, do hereby

10   certify that I reported by machine shorthand the

11   foregoing proceedings contained herein on the

12   aforementioned subject on the date herein set forth,

13   and that the foregoing 21 pages constitute a full,

14   true and correct transcript.

15

16           Dated this 23rd day of June, 2019.

17

18

19

20

21                             /s/ Monique Gentry
                        _____

22                             MONIQUE GENTRY

23                        Registered Professional Reporter
                          Certified Shorthand Reporter
24                        United States Court Reporter

25